UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OUSMAN MALAMIN SONKO,

    Petitioner,

v.                                              CIVIL NO. 2:24-cv-656

PAM BONDI, Attorney General,[1]
et al.,

    Respondents.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Petitioner Ousman Malamin Sonko ("Petitioner" or "Sonko"). ECF No. 1. Petitioner's Amended Petition was filed on January 31, 2025. ECF No. 16. Petitioner has been held in federal immigration detention, presently at the Caroline Detention Facility in Bowling Green, Virginia, for more than two years. Id. at 9. He alleges that his continued detention under 8 U.S.C. § 1226(c) without a bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution, and he seeks immediate release from detention or an expedited bond hearing. Id. at 20-21. The United States filed a

---

[1] Since filing of the case, Pam Bondi was appointed as the Attorney General. She is automatically substituted as a party. Fed. R. Civ. P. 25(d)(1).

Response on March 12, 2025, opposing Sonko's requests for immediate release and for a bond hearing. ECF No. 17 at 2. Petitioner filed a Reply on March 24, 2025. ECF No. 18.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. On June 5, 2025, the Magistrate Judge conducted a remote hearing and received an update from Petitioner's counsel on the status of the reopened removal proceedings. ECF No. 20. After the hearing, on June 12, 2025, the Magistrate Judge filed a Report and Recommendation recommending the court grant in part and deny in part Sonko's Amended Petition for a writ of habeas corpus. ECF No. 21 at 1-2. Specifically, the Magistrate Judge recommended that the court "order that Sonko be provided with an individualized bond hearing, where he will bear the burden of proof that he will not pose a danger and is likely to appear for any future proceeding." Id. at 14.

By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge no later than June 26, 2025. Id. at 14-15. On June 18, 2025, the court received the parties' Joint Notice advising the court that they do not intend to file any objections

to the Report and Recommendation and, if adopted, the parties will not object to a bond hearing being held within fourteen (14) days of the court's final judgment. ECF No. 22. No objections were filed.

Having reviewed the record and having found no clear error in the Report and Recommendation, and no party having objected, the court **ADOPTS** and **APPROVES** the findings and recommendations as set forth in the Report and Recommendation of the United States Magistrate Judge, filed June 12, 2025, ECF No. 21. Accordingly, the court **GRANTS** in part and **DENIES** in part Petitioner's Amended Petition, ECF No. 16, and **DIRECTS** that Petitioner be provided with an individualized bond hearing within fourteen (14) days of the date of this Order. At that hearing, Petitioner will bear the burden of proof that he will not pose a danger and is likely to appear for any future proceedings.

The Clerk is **DIRECTED** to forward a copy of this Final Order to all counsel of record.

/s/ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
REBECCA BEACH SMITH,
SENIOR UNITED STATES DISTRICT JUDGE

July 2, 2025